IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BANK OF AMERICA,<br><br>      Plaintiff,<br><br>    vs.<br><br>AMY C. GENTRY, UNKNOWN HEIRS<br>AND LEGATEES OF AMY C. GENTRY,<br>UNKNOWN OWNERS AND NON-RECORD<br>CLAIMANTS and SECRETARY OF<br>HOUSING AND URBAN DEVELOPMENT,<br><br>      Defendants. | Case No. 13-cv-620-SMY-SCW |

## JUDGMENT OF FORECLOSURE AND SALE

      The Court enjoys subject matter jurisdiction over this mortgage foreclosure suit, which was filed in Illinois state court and removed to this District Court by Defendant HUD/United States of America (HUD). On June 16, 2014, this Court dismissed certain defendants – Unknown Owners and Nonrecord Claimants (see Doc. 33). All other Defendants were properly served. On December 18, 2014, the Court granted Plaintiff's Motion for Summary Judgment as to HUD/USA (see Doc. 50). On December 18, 2014, the undersigned Judge also appointed a special commissioner for the purpose of sale of the property (see Doc. 51). By way of this Order, the Court grants default judgment in Plaintiff's favor as to Defendant Amy Gentry and also enters judgment and this Order of Foreclosure and Sale over Defendant Amy Gentry and HUD/USA.

*Regarding the property, the Court FINDS as follows:*

1. The last owner of redemption was served on *February 22, 2013*

2. The statutory right to reinstate, pursuant to 735 ILCS 5/15-1602, expired on or about *July 22, 2012*.

3. The statutory right of redemption, pursuant to 735 ILCS 5/15-1603, shall expire three (3) months from the date of entry of this order, unless shortened by further order of this Court

4. This judgment is fully dispositive of the interest of all Defendants. All the material allegations of the complaint filed pursuant to 735 ILCS 5/15-1504 (including those required by statute) are true and proven. By entry of this Judgment for Foreclosure and Sale, the Mortgage and Note which is the subject matter of these proceedings is extinguished and replaced by Judgment. By virtue of the Mortgage and the evidence of the indebtedness secured by it, of the date and

execution of Plaintiff's supporting judgment affidavit, there is due and owing to Plaintiff the following amounts which shall continue to be a valid and subsisting lien upon the subject property described hereinafter.

    (J)    That by virtue of the mortgage and the evidence of indebtedness secured thereby, as of **January 5, 2015** there is due from the mortgagors to the Plaintiff, and the Plaintiff has a valid and subsisting lien upon the hereinafter described property as follows:

| | | | |
|---|---|---|---:|
| Principal Balance | | $ | 51,125.55 |
| Interest Due through | January 5, 2015 | $ | 7,205.47 |
| Pre-Acceleration Late Charges | | $ | 42.06 |
| **Real Estate Taxes** | $746.21 | | |
| **MIP/PMI** | $164.05 | | |
| **Hazard Insurance** | $2,466.00 | | |
| **Escrow Advance TOTAL** | | $ | 3,376.26 |
| Previous BK Fees/Costs | | $ | 0.00 |
| Property Inspections / Preservation | | $ | 0.00 |
| Title Fees | | $ | 500.00 |
| Prior Foreclosure Fees | | $ | 0.00 |
| Suspense | | $ | 0.00 |
| Other | | $ | 4,515.00 |
|    LITIGATION MGT FEE | $4,515.00 | | |
| Attorney Fee | | $ | 1,150.00 |
| Attorney Costs | | $ | 1,328.00 |
| | | ***TOTAL* $** | ***69,242.34*** |

5.    HUD is owed the following which will be ruled as a valid and existing lien in second position/junior to Plaintiff's Lien and thus recovers after sale any surplus left remaining over the amounts owed Plaintiff:

***$3,919.52***

6.    <u>EVIDENTIARY FINDINGS.</u>

    (A)    The name of the present owner of said real estate is:  Amy Gentry

    (B)    The names of other persons who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated are:

Secretary of Housing and Urban Development, by virtue of a Mortgage executed by Amy C. Gentry, dated February 14, 2007, and recorded/registered April 11, 2007, in the office of the Recorder/Register of Deeds of Madison County, Illinois, as Document No. 2007R19073, to secure a note in the principal sum of $3,919.52; ***<u>said lien is inferior to that of the Plaintiff herein; but that HUD/United States of America has a valid and subsisting lien in the amount of $3,919.52 plus interest and penalties and less any payments or credits made since the assessment, junior and</u>***

*<u>subordinate to the lien of the Plaintiff, Bank of America, N.A.</u>*

    (C)    Names of defendants claimed to be personally liable for deficiency, if any, unless personal liability is discharged in a Bankruptcy proceeding, or otherwise released: Amy Gentry

    (D)    The capacity in which plaintiff brings this foreclosure is as the owner and legal holder of said note, mortgage and indebtedness.

7. Any advances made to protect the lien of the judgment and preserve the real estate shall become so much additional indebtedness secured by the judgment lien. Such advances include, but are not limited to payment for property inspections, real estate taxes or assessments, property maintenance, and insurance premiums incurred by Plaintiff and not included in this Judgment, but paid prior to the Judicial sale. Such advances shall bear interest from date of the advance at the Judgment rate of interest, except in the case of Redemption or Payoff, in which case the note rate of interest shall apply pursuant to 735 ILC 5/15-1603(d).

8. Under the provisions of the Mortgage, the costs of foreclosure and reasonable attorneys' fees are an additional indebtedness for which Plaintiff should be reimbursed; such expenses and reasonable attorneys' fees are hereby allowed to the Plaintiff.

9. The court approves the portion of the lien attributable to attorneys' fees only for purposes of the foreclosure sale, and not for purposes of determining the amount required to be paid personally by defendants in the event of redemption of a deficiency judgment, or otherwise. In the event of redemption by defendants or for purposes of any personal deficiency judgment, this court reserves the right to review the amount of attorneys' fees to be included for either purpose. Plaintiff's counsel is required to notify defendants of the provisions of this paragraph by mailing a copy of this Judgment to defendants.

10. Copies of the Note and the Mortgage or Affidavit of Documents as are attached to Plaintiff's Complaint have been offered in evidence. Plaintiff is hereby given leave to withdraw, if any, the Original Note and the Original Mortgage and substitute copies of those documents.

11. Plaintiff has been compelled to employ and retain attorneys to prepare and file the complaint and to represent and advise the Plaintiff in the foreclosure of the mortgage. Defendants are liable for the usual, reasonable and customary fees incurred by Plaintiff.

12. Plaintiff has been compelled and may be compelled after entry of this judgment, to advance, various sums of money in payment of costs, fees, expenses and disbursements incurred in connection with the foreclosure. These sums may include, without limiting the generality of the foregoing, filing fees, service of process fees, copying charges, stenographer's fees, witness fees, costs of publication, costs of procuring and preparing documentary evidence and costs of procuring abstracts of title, foreclosure minutes and a title insurance policy, costs of sale, etc. Under the terms of the mortgage, all such advances costs attorneys' fees and other fees, expenses and disbursements are made a lien upon the mortgaged real estate. Plaintiff is entitled to recover

all such advances, costs, attorneys' fees, expenses and disbursements, together with interest on all advances at the Judgment rate of interest, from the date on which such advances are made, except in the case of Redemption or Payoff in which case the note rate of interest shall apply pursuant to 735 ILCS 5/15-1603(d).

13. In order to protect the lien of the mortgage, it may or has become necessary for Plaintiff to pay taxes and assessments which have been or may be levied upon the mortgaged real estate. In order to protect and preserve the mortgaged real estate, it has or may also become necessary for Plaintiff to make other payments, including but not limited to, fire and other hazard insurance premiums on the real estate or payments for such repairs to the real estate as may reasonably be deemed necessary for the proper preservation thereof. Under the terms of the mortgage, any money so paid or expended has or will become an additional indebtedness secured by the mortgage and will bear interest from the date such monies are advanced at the judgment rate of interest except in the case of Redemption or Payoff in which case the note rate of interest shall apply pursuant to 735 ILCS 5/15-1603(d).

14. The allegations of Plaintiff's complaint are true substantially as set forth, and the equities favor Plaintiff. Plaintiff is entitled to the relief prayed for in the complaint, including foreclosure of the mortgage upon the real estate described therein for the Total Judgment Amount as found above, together with interest at the statutory judgment rate after the entry of this judgment, and additional advances, expenses, reasonable Attorneys' fees and court costs, including, but not limited to, publication costs and expenses of sale.

15. Said real estate is free and clear of all liens and encumbrances that have been named herein, or of any claims that are subject to a recorded notice of foreclosure, subject to any rights of redemption available to defendants, pursuant to 735 ILCS 5/15-1603(a) and 28 U.S.C. Section 2410.

16. Plaintiff's mortgage is prior and superior to all other mortgages, claims of interests and liens upon said real estate that have been named herein, or any claims that are subject to a recorded notice of foreclosure.

17. The sum of attorney fees allowed herein as stated above is the fair reasonable and proper fee to be allowed to Plaintiff as attorney's fees in this proceeding through the date of this Judgment, in accordance with the terms of the Note and Mortgage given by said Defendants. That sum should be added to and become a part of the indebtedness due to Plaintiff.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED:

ORDER UPON DEEMED REQUEST FOR FORECLOSURE.

    1.    An accounting has been taken under the direction of the court of the amounts due and owing to the plaintiff as declared herein.

    2.    The defendants are ordered to pay to the plaintiff before expiration of any redemption period (or, if no redemption period, within seven days after the date of this judgment)

whatever sums may appear to be due upon the taking of such account, together with attorneys' fees, costs, advances, and expenses of the proceedings (to the extent provided in the mortgage or by law).

3. In default of such payment in accordance with this judgment, the mortgaged real estate shall be sold as directed by the court, to satisfy the amount due to the plaintiff as set forth in this judgment, together with the interest advances, and expenses incurred after judgment at the statutory judgment rate from the date of the judgment.

4. In the event the plaintiff is a purchaser of the mortgaged real estate at such sale, the plaintiff may offset against the purchase price of such real estate the amount due under the judgment for foreclosure and order confirming the sale.

5. In the event of such sale, and the failure of the person entitled thereto to redeem prior to such sale, pursuant to statutory provisions, the defendants made parties to the foreclosure in accordance with statutory provisions, and all persons claiming by, through or under them, and each and any and all of them, shall be forever barred and foreclosed of any right, title, interest, claim, lien or right to redeem in and to the mortgaged real estate.

6. If no redemption is made prior to such sale, a deed shall be issued to the purchaser according to law and such purchaser shall be let into possession of the mortgaged real estates in accordance with statutory provisions relative thereto.

ORDER UPON SPECIAL MATTERS.

1. The sale shall be by public auction.

2. The sale shall be by open verbal bid.

3. The sale shall be conducted by any judge of this court, the Sheriff of Madison County, Illinois; or a Special Commissioner, or Sales officer as this Court shall designate by separate order.

4. Exceptions to which title shall be subject at the sale shall include general real estate taxes for past years, (if any) the current year, and for the preceding year which have not become due and payable as of the date of this judgment and any special assessments upon the real estate and easements and restrictions of record, and any prior mortgages not named herein, if any.

5. In the event any party to this foreclosure is a successful bidder at the sale, such party may offset against the purchase price to be paid for such real estate the amounts due such party under this judgment of foreclosure, any supplemental order establishing said debt, or the order confirming the sale.

ORDER FOR JUDICIAL SALE.

      1.      The real estate is ordered sold according to law.

      2.      Upon expiration of the redemption period, the real estate shall be sold at a sale as provided by law.

      3.      NOTICE OF SALE: The mortgagee, or such other party designated by the court, in a foreclosure under this Article shall give public notice of the sale.

      a.      The notice of sale shall be published at least three consecutive calendar weeks (Sunday through Saturday) once in each week. The first such notice is to be published no more than 45 days prior to the sale, the last such notice to be published not less than 7 days prior to the sale, pursuant to law;

      b.      Advertisements in a newspaper circulated to the general public in the county in which the real estate is located, in the section of that newspaper where legal notices are commonly placed;

      c.      Separate advertisements in the section of such a newspaper, which may not be the same newspaper used for section (a), in which real estate other than real estate being sold as part of legal proceedings is commonly advertised to the general public, there being no requirement for the second advertisement to include a legal description;

      d.      The party who gives notice of public sale shall again give notice of any adjourned sale, as provided by law; provided, however, that if the adjourned sale is to occur less than 60 days after the last scheduled sale, notice of sale by publication need not be given; however if said sale is continued for more than 60 days, notice of any adjourned sale need be given by publication pursuant to law; and

      e.      Such other publications as may be further ordered by the court.

      f.      Notice of the sale may be given prior to the expiration of the redemption period.

      g.      Certificate of Sale. Upon the sale of mortgaged real estate, the person conducting the sale shall give a certificate of sale to the purchaser and cause such certificate of sale to be recorded. The certificate shall be freely assignable by endorsement thereon.

TRANSFER OF TITLE.

      1.      Upon or after confirmation of the sale, the person who conducted the sale or the court shall execute a deed to the holder of the certificate of sale sufficient to convey title, which deed shall identify the court and the caption of the case in which judgment was entered authorizing issuance of the deed. Signature and the recital in the deed of the title or authority of the person signing the deed as grantor, of authority pursuant to this judgment and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of such authority

to execute the deed, but such deed shall not be construed to contain any covenant on the part of the person executing it.

     2.    Delivery of the deed executed on the sale of the real estate, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass the title thereto. Such conveyance shall be an entire bar of (I) all claims of parties to the foreclosure and (ii) all claims of any non-record claimant who is given notice of the foreclosure as provided by statute.

APPLICATION OF PROCEEDS.

     The proceeds resulting from the sale ordered herein shall be applied in the following order:

     1.    the reasonable expenses of sale;

     2.    the reasonable expenses of securing possession before sale, holding, maintaining, and preparing the real estate for sale, including payment of taxes and other governmental charges, premiums on hazard and liability insurance, management fees, and, to the extent provided for in the mortgage or the recorded agreement and not prohibited by law, reasonable attorneys' fees, payments made pursuant to 735 ILCS 5/15-1505 and other legal expenses incurred by the mortgagee;

     3.    satisfaction of claims in the order of priority adjudicated in this judgment of foreclosure; and in subsequent order of this Court, and;

     4.    remittance of any surplus to the mortgagor or as otherwise directed by the court.

REDEMPTION

     1.    Only an owner of redemption may redeem from this foreclosure, and such owner of redemption may redeem only during the redemption period specified herein.

     2.    This is a foreclosure of a mortgage of residential real estate. The redemption period shall end on the later of (I) the date 7 months from the date the mortgagor or, if more than one, all the mortgagors (A) have been served with summons or by publication or (B) have otherwise submitted to the jurisdiction of this court, or (ii) the date three months from the date of entry of this judgment of foreclosure.

     3.    The amount required to redeem shall consist of the Total Balance Due as declared above plus interest thereon at the note rate of interest as if no default has occurred, plus all additional costs and other expenses allowed by the court including payments for taxes, insurance, preservation or other necessary expenses with interest thereon.

OTHER MATTERS.

1. <u>REPORT OF SALE</u>

The person conducting the sale shall file a report of sale with the clerk of this court specifying the amount of proceeds of sale realized and the disposition thereof.

2. <u>POSSESSION</u>

Mortgagor shall have possession of said real estate until the sale is confirmed unless an order of court to the contrary is entered. Upon confirmation of the sale, the purchaser shall have a right to possession of the premises conveyed and any of the parties in this cause who are in possession of said premises, and any person who, since the commencement of this suit, has come into possession shall surrender possession thereof to such purchaser. If said parties in possession refuse to vacate the property-this order may be placed with the Sheriff to begin a eviction and the Sheriff is hereby directed to remove all parties in possession and to place into possession such purchaser.

3. <u>DEFICIENCY</u>

If the money arising from said sale shall be insufficient to pay the amounts due to the plaintiff with interest and the costs and expenses of sale, or if there is a surplus from said sale the person conducting the sale shall specify the amount of such deficiency or surplus in the report of sale, and a judgment shall be entered therefore, if appropriate.

**IT IS SO ORDERED.**

**DATED:** March 19, 2015

<u>s/ Staci M. Yandle</u><br>
**STACI M. YANDLE**<br>
**DISTRICT JUDGE**